**AFFIRM; Opinion Filed August 8, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-21-00951-CV

**DOUGLAS D. BOX, Appellant**
**V.**
**PETROTEL OMAN LLC, PETROTEL OMAN ONSHORE LLC, AND**
**PETROTEL OMAN OFFSHORE LLC, Appellees**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-01697-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

In this interlocutory appeal, Douglas D. Box challenges the trial court's denial

of his motion to dismiss appellees PetroTel Oman LLC, PetroTel Oman Onshore

LLC, and PetroTel Oman Offshore LLC (collectively, PetroTel Entities)'s claims

for breach of contract, fraud, and fraudulent inducement against him pursuant to the

Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN.

§§ 27.001–.011. We affirm. Because all dispositive issues are settled in law, we

issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

PetroTel Entities are all Delaware limited liability companies who have each been awarded blocks of territory in the Sultanate of Oman to develop infrastructure to produce oil and gas. In April 2021, PetroTel Entities filed suit in Collin County against Box, alleging he had misrepresented his personal wealth and his intent to invest his own money in their projects so as to induce them to enter into confidentiality agreements and share sensitive business information. According to PetroTel Entities, Box then violated his confidentiality obligations to PetroTel Entities' detriment.

Box answered subject to a motion to transfer venue and consolidate the instant lawsuit with one he had already filed in Dallas County. According to Box's motion, PetroTel Entities are oil and gas companies who approached him for consulting assistance with their attempt to secure funding for their oil production in Oman ("Oman Project"), and he filed suit in Dallas County to recover funds he alleges they owe him pursuant to an oral agreement.[1]

Subject to his motion to transfer venue, Box filed a motion to dismiss PetroTel Entities' claims under the TCPA, urging their lawsuit is based on or in response to his exercise of his rights to petition, of free speech, and of association.[2] After

---

[1] A docket entry in the record indicates the motion to transfer was denied the same day the trial court ruled on Box's motion to dismiss.

[2] Box's motion to dismiss also included a motion to abate the instant lawsuit, urging dominant jurisdiction did not rest with the trial court because of his earlier filed lawsuit in Dallas County. The record does not contain any ruling on Box's abatement motion.

conducting a hearing via Zoom on September 9, 2021, the trial court signed an order denying Box's motion to dismiss and finding Box failed to establish the applicability of the TCPA to PetroTel Entities' claims. This interlocutory appeal followed.

## THE TCPA AND STANDARD OF REVIEW

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," meaning that the legislature enacted it to curb "strategic lawsuits against public participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). Its main feature is a motion-to-dismiss procedure that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's proper exercise of a protected right. *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020 WL 2079183, at *6 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.).

A Chapter 27 movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." *See* CIV. PRAC. & REM. § 27.005(b); *see also Brenner v. Centurion Logistics LLC on Behalf of Centurion Pecos Terminal LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.) (holding amendments to TCPA do not change burden of "preponderance of the evidence" established by *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). If the movant carries his or her initial burden, the nonmovant must then establish "by clear and

specific evidence a prima facie case for each essential element of the claim in question." CIV. PRAC. & REM. § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court shall dismiss a legal action against the movant if the movant establishes as a matter of law a valid defense to the nonmovant's claim. *See id.* § 27.005(d).

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under section 27.005. *See id.* § 27.005 (b), (c); *see also Brenner*, 2020 WL 7332847, at *3 (holding amendments to TCPA do not change de novo appellate standard of review). In conducting that review, we consider, in the light most favorable to the nonmovant, the pleadings and any supporting and opposing affidavits and other evidence stating the facts on which the claim or defense is based. *See Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* CIV. PRAC. & REM. § 27.006(a). However, the plaintiffs' pleadings are generally "the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467.

## DISCUSSION

Box urges PetroTel Entities' claims implicate his rights to petition and of free speech. He argues his right to petition is implicated because the instant lawsuit "is based on or is in response to" Box's lawsuit against PetroTel Entities. As for his right of free speech, he urges the alleged communications in the lawsuit are

regarding a matter of public concern because "at the heart of [PetroTel Entities']
claims" are alleged "communications by Box about the Oman Project funded
through a loan from a federal government agency."

## I. Right to Petition

Box contends that he exercised his right to petition by filing suit against
PetroTel Entities in Dallas County to recover what he alleges appellees owe him,
which meets the TCPA's definition of "exercise of the right to petition." *See* Civ.
Prac. & Rem. § 27.001(4)(A)(i) (defining "exercise of the right to petition" as "a
communication in or pertaining to a judicial proceeding"). He further urges that
PetroTel Entities' suit was intended to retaliate against and silence Box and thus "is
based on or is in response to [his] exercise of . . . the right to petition." *See id.*
§ 27.005(b) (setting forth movant's initial burden to demonstrate legal action "is
based on or is in response to [his] exercise of . . . the right to petition"). Box bases
this argument on the following:

- Box filed his lawsuit in Dallas County in September 2020;

- PetroTel Entities removed Box's lawsuit to federal court in December 2020;

- After Box filed a motion to remand his lawsuit back to state court, PetroTel Entities filed the instant law suit;

- PetroTel Entities' petition and amended petition in this lawsuit contain "vague and ambiguous claims" unsupported by the confidentiality agreements they claim Box breached or the documents containing the confidential information Box allegedly disclosed; and

- PetroTel Entities' petition and amended petition contain enough information to "confirm PetroTel's lawsuit and Box's lawsuit "share the same nucleus of operative facts."

PetroTel Entities rely on our opinion in *Wells v. Crowell* to respond that more than temporal proximity is required to establish that a lawsuit is "in response to" Box's exercise of the right of petition. *See* No. 05-20-01042-CV, 2021 WL 5998002, at *5 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.). In *Wells*, this Court held that a lawsuit filed after defendants sent a pre-suit demand letter was not "in response to" that letter where, "[a]lthough the petition mentions the demand letter and asserts that it contained false allegations meant to harass them, the gravamen of the slander and [intentional infliction of emotional distress] claims" was an altercation between the parties. *See id.*

We begin with PetroTel Entities' amended petition, which describes confidentiality agreements Box allegedly entered into with them, the general categories of confidential information Box received—including the oil and gas interests held by PetroTel Entities, and his allegedly wrongful disclosure of that information to a third party. *See Hersh*, 526 S.W.3d at 467. Box's motion to dismiss includes as supporting evidence his September 23, 2020 petition in Dallas County, in which he alleges PetroTel Entities breached an oral contract to pay him in exchange for his assistance in securing funding in order to produce oil in Oman, which was ultimately secured through a loan from the Overseas Private Investment Corporation ("OPIC"), a federal agency of the United States. He also offered as

evidence the federal district court's order granting his motion to remand his lawsuit to state court.[3]  Finally, PetroTel Entities' response to Box's motion to dismiss includes a declaration of Anil Chopra, CEO of PetroTel Entities,[4] in which he describes in further detail the allegations against Box, denies any relationship between the lawsuit and Box's, as well as the allegations underlying Box's suit, and attaches as support the confidentiality agreement between Box and appellee PetroTel Oman Onshore LLC.[5]  According to Chopra, although he was aware of wrongful disclosure of PetroTel Entities' information as early as 2019, it was not until December 2020 that he discovered Box was the source of that disclosure.

Reviewing the pleadings and evidence in the light most favorable to nonmovants PetroTel Entities, we cannot conclude the record is sufficient to establish "by a preponderance of the evidence" that PetroTel Entities' lawsuit is "in response to" Box's lawsuit.  PetroTel Entities filed suit over a year after Box filed his suit, and its petition does not refer to Box's lawsuit at all.  *Cf. Wells*, 2021 WL

---

[3] The remand order largely repeats the allegations from Box's petition and concludes the court lacks jurisdiction over Box's claims because the judge found the claims were not properly removed under the federal officer removal statute and that resolving a federal issue is not necessary to resolve Box's claims.

[4] Box objected to portions of this declaration to the trial court and objected when the trial court did not rule on his objections, however, he does not reurge those objections on appeal, other than to argue the declaration cannot be used to satisfy PetroTel Entities' burden to establish a prima facie case for each element of their claims against him.

[5] As part of his declaration, Chopra distinguishes the factual basis for its lawsuit as the confidential information associated with appellee PetroTel Oman Onshore LLC, regarding its territorial block number 40 awarded to it by the Sultanate of Oman, and the factual basis for Box's lawsuit as alleged breach of oral agreement related to the federal funding PetroTel Oman LLC received from OPIC related to territorial block number 17.

5998002, at *5. Further, PetroTel Entities provided an explanation for the timing of their suit in Chopra's declaration. *Cf. Yu v. Koo*, 633 S.W.3d 712, 727 (Tex. App.—El Paso 2021, no pet.).[6] Moreover, PetroTel Entities' amended petition and evidence indicates that although the lawsuits may involve the same parties and that the operative facts of each may have taken place around the same time, the claims are distinct: Box seeks compensation for allegedly aiding one of the PetroTel Entities in obtaining funding for its territorial block, and the PetroTel Entities seek to recover damages for Box's alleged breach of a confidentiality agreement involving the confidential information of a different one of PetroTel Entities and its respective territorial block. Accordingly, we cannot conclude Box satisfied his burden to demonstrate PetroTel Entities' lawsuit was "in response to" his exercise of his right to petition.[7]

---

[6] The El Paso Court of Appeals held appellees' later-asserted causes of action were filed in response to appellant's filing of her TCPA motion to dismiss based on the following:

> [T]he substance of facts alleged in the pleadings, the dates they were filed in relation to one another and the hearing settings, and the lack of reasonable alternative explanation from Appellees as to why they failed to initially assert the conversion and unjust enrichment claims . . . . This is especially true when those supporting facts were known at the time of the original pleading.

*Yu v. Koo*, 633 S.W.3d 712, 727 (Tex. App.—El Paso 2021, no pet.).

[7] Recently, this Court has repeated its holding that, "[t]o trigger the TCPA's protection, the 'legal action' must be factually predicated on the alleged conduct that falls within the scope of the TCPA's definition of the exercise of the right to petition." *See Sorkin v. P.T. Atlas Mfg., L.L.C.*, No. 05-21-00657-CV, 2022 WL 780444, at *3 (Tex. App.—Dallas Mar. 15, 2022, pet. filed) (mem. op.). Other courts have applied a less stringent standard. *See, e.g. Scout Energy Mgmt., LLC v. Indian Springs Cattle Co., LLC*, No. 07-21-00031-CV, 2021 WL 5150995, at *2 (Tex. App.—Amarillo Nov. 5, 2021, no pet.) (interpreting "relationship or nexus [requirement] between the legal action . . . and the exercise of the right to petition" as one that can be remote to trigger application of TCPA); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 276 (Tex. App.—Tyler 2021, pet. denied) ("The level of nexus required 'includes no qualification as to its limits,' and is very broad."). Even if we were to apply a similar, broader standard, our conclusion on these facts and this record would remain the same.

## II.     *Right to Free Speech*

According to Box, "[a]s it relates to free speech, Appellees claim communications made by Box about the Oman Project funded through a loan from a federal government agency are at the heart of its claims."

The TCPA defines the exercise of the right to free speech as "a communication made in connection with a matter of public concern." *See* CIV. PRAC. & REM. § 27.001(3). A "matter of public concern" means "a statement or activity regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." *See id.* § 27.001(7).

We construe Box's argument to be that the communications are the alleged disclosure of confidential information regarding the oil and gas interests held by PetroTel Entities and that these communications were made in connection with the funding of a loan from a federal government agency. PetroTel Entities respond that their amended petition does not even mention any federal government agency and that their evidence makes clear their claims were concerning confidential information pertaining to a territorial block awarded to appellee PetroTel Offshore LLC, and that the federal loan was awarded to a different appellee PetroTel Oman LLC.

We agree that PetroTel Entities' petition and evidence in response to Box's motion make clear any relationship between PetroTel Entities' suit and a loan from a federal government agency is at best tenuous. Moreover, the disputes here—whether PetroTel Entities' suit for wrongful disclosure or Box's suit for breach of contract—are private contract disputes affecting only the fortunes of the private parties involved, which the supreme court has held are "simply not a 'matter of public concern' under any tenable understanding of those words. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019). Accordingly, we conclude Box failed to satisfy his burden to demonstrate PetroTel Entities' lawsuit was "in response to" his exercise of his right to free speech.[8]

## CONCLUSION

We affirm the trial court's order denying Box's motion to dismiss pursuant to the TCPA.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210951F.P05

---

[8] Although his motion to dismiss included the assertion that his right to free association was implicated, Box does not explain on appeal *how* their claims implicated his right to free association. To the extent this argument is preserved by his mention of his right to free association in his brief, we conclude he failed to satisfy his burden as to his right of association because of our conclusion regarding a lack of a matter of public concern alleged and because the record does not indicate Box had "joined together" with anyone "to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding" or that PetroTel Entities' claims were in response to same. *See* CIV. PRAC. & REM. § 27.001(2) (defining "exercise of the right of association"), (5) (defining "governmental proceeding" as "a proceeding, other than a judicial proceeding, by an officer, official, or body . . . of the federal government").



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DOUGLAS D. BOX, Appellant

No. 05-21-00951-CV        V.

PETROTEL OMAN LLC,
PETROTEL OMAN ONSHORE
LLC, AND PETROTEL OMAN
OFFSHORE LLC, Appellees

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-01697-
2021.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order denying DOUGLAS D. BOX's motion to dismiss pursuant to the Texas Citizens Participation Act.

It is **ORDERED** that appellees PETROTEL OMAN LLC, PETROTEL OMAN ONSHORE LLC, AND PETROTEL OMAN OFFSHORE LLC recover their costs of this appeal from appellant DOUGLAS D. BOX.

Judgment entered this 8th day of August 2022.